PEOPLE ex rel. DAVIE v. LYNCH, Commissioner of Labor.　(No. 220/7.)

(Supreme Court, Appellate Division, Third Department.　November 11, 1914.)

1. OFFICERS (§ 76*) — CIVIL SERVICE RULES — CONSTRUCTION — "SEPARATION FROM THE SERVICE."

 Civil Service Law (Consol. Laws, c. 7) § 6, provides that the rules of the Civil Service Commission shall have the force and effect of law. Section 9 provides that the official roster shall show, among other things, the date of "separation from the service" by dismissal, resignation, cancellation of appointment, or death.　Rule 16 of the Civil Service Commission provides that any civil service appointee, who has been separated from the service through no delinquency or misconduct on his part, may be reinstated without examination within one year from the date of such separation.　Held that, while the rule is as potent as the statute, the expression "separated from the service," as used therein, was borrowed from the statute, and must be given the same meaning in the rule that it has in the statute, and, thus construed, it does not include a factory inspector, who was granted an indefinite leave of absence.

 [Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

2. OFFICERS (§ 76*)—CIVIL SERVICE RULES—"INDEFINITE LEAVE OF ABSENCE" —"SEPARATION FROM THE SERVICE."

 The "indefinite leave of absence" granted to the inspector gave her the right to be away from work indefinitely and the right to return when she pleased, and would not amount to a "separation from the service," within the meaning of that expression as used in the rule, even in the absence of the definition given by the statute.

 [Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

3. MANDAMUS (§ 143*)—TIME FOR COMMENCEMENT—LACHES.

 Where a state factory inspector, who had been granted an indefinite leave of absence, applied seven months later for reinstatement, and was given no definite answer for more than one year, and then informed that she was not eligible to reinstatement, an application for mandamus to compel the reinstatement, instituted within two months from the date of the final answer, is not barred by laches.

 [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 256–259; Dec. Dig. § 143.*]

Appeal from Special Term, Albany County.

Mandamus by the People of the State of New York, on the relation of May G. Davie, against James M. Lynch, as Commissioner of Labor of the State of New York.　From an order denying the peremptory writ, the relator appeals.　Reversed, and writ issued.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Joseph A. McNamara, of New York City (Alfred J. Talley and Denis R. O'Brien, both of New York City, of counsel), for appellant.

Thomas Carmody, Atty. Gen. (James A. Parsons and Edward C. Griffin Deputy Attys. Gen., of counsel), for respondent.

HOWARD, J.　In January, 1907, the relator herein was duly appointed a factory inspector in the department of labor.　She continued

---

896 NEW YORK SUPPLEMENT (Sup. Ct.

896 NEW YORK SUPPLEMENT (Sup. Ct.

to perform her duties until about December 1, 1911, when, on account of bad health, she began to absent herself from her work, so that during the period between December 1, 1911, and April 30, 1912, she was absent from her work 47 days—more than one-third of the time. She presented no excuse to the department for her delinquency. On May 7, 1912, the labor commissioner wrote to the relator and told her that, on account of her inability to render services, her name had been dropped from the roster of factory inspectors. The commissioner requested the relator to turn over to the supervising inspector her badge and the other property in her possession which belonged to the state. The relator immediately replied to this notification by two letters; the second following soon after the first, and being written to elaborate the first. In these letters the relator expressed surprise that she had been dropped from the roster, and requested that, instead of this disposition of her matter, she be granted a leave of absence until September or October following. She related the ill condition of her health, but explained that she expected to be in good condition soon, and would then wish to return to work. The commissioner immediately granted this request, writing, on May 13, 1912, to the relator: "You have been granted an indefinite leave of absence without pay." In December following the relator, having concluded that she had recovered her health sufficiently to permit her to return to work, wrote to the commissioner to that effect, and requesting that her leave of absence be terminated and that she be assigned to duty. The commissioner replied that the quota of inspectors was full, and that he could not, therefore, reassign the relator to duty. On April 14th following she again wrote the commissioner, again requesting that she be reassigned to duty. The commissioner replied that he would take her request under consideration, and a few days later he wrote her that he would not order her to be reassigned to work until the question of her reinstatement had been fully determined. The relator was not subsequently notified by the department whether any determination had been made concerning her reinstatement, and she seems to have consulted a lawyer. Her lawyer wrote to the commissioner concerning the matter, and on January 5, 1914, the commissioner wrote to the lawyer in effect that the relator was not eligible to reinstatement; her reinstatement not having been effected within the year from the commencement of her leave of absence. Within two months after the receipt of this letter, she instituted this proceeding for a mandamus to compel the labor commissioner to reinstate her.

The commissioner of labor contends that he is without power to reinstate the relator, being debarred from so doing by rule 16 of the State Civil Service Commission. So far as it relates to the question under consideration, that rule reads as follows:

"Any person who has held a position by appointment under the civil service rules, and who has been separated from the service through no delinquency or misconduct on his part, may be reinstated without re-examination in a vacant position in the same office and in the same group, subdivision and grade, within one year from the date of such separation. * * *"

Reduced to a sediment, it is the contention of the commissioner of labor that the relator "has been separated from the service" for more than one year, and that, therefore, she cannot be reinstated without another examination. It becomes essential, therefore, to determine whether the relator has been "separated from the service." If she has not been separated from the service, she has an absolute right to be reinstated and reassigned to duty; if she has been, she has no standing in this proceeding.

[1] This rule of the State Civil Service Commission has the force and effect of law (Civil Service Law, § 6); therefore it is as potent as the statute and must be respected to the same degree. But we must resort to the statute itself in this case for an interpretation of the expression in dispute, for it is from the statute that the expression has been borrowed by the Civil Service Commission. And there can be no difficulty in discovering the meaning of the words as they are used in the statute, for we find them limited and explained in that place. In section 19 of the Civil Service Law occurs this sentence:

"The official roster shall show opposite or in connection with each name the date of appointment, employment, promotion or reinstatement, the compensation of the position, the date of commencement of service, and date of transfer in or separation from service by dismissal, resignation, cancellation of appointment or death."

It is here seen that the statute recognizes and points out the ways, and the only ways, in which a person can be separated from the service; that is, by dismissal, resignation, cancellation of appointment, or death. None of these conditions arose in the instance before us. The woman was not dismissed, she did not resign, her appointment was not canceled, and she did not die; therefore she was not separated from the service. The definition in the civil service rules must follow the definition in the law itself, for this is the command of the law. Section 10 of the Civil Service Law provides that the commission may make rules not inconsistent with "the provisions of this chapter. * * *" The expression "separation from the service," or the expression "separated from the service," has, therefore, the same meaning in the rules that it has in the law. In the rules the meaning of the words is in no degree unlike their meaning in the statute; it is no broader, no narrower, no different.

[2] But it is hardly necessary to resort to the statute for an interpretation of the conditions here. The language of the commissioner to the relator in his letter was plain and unambiguous. His words must be given their ordinary meaning in English. He stated to the relator: "You have been granted an indefinite leave of absence without pay." These words could have but one meaning. The commissioner had intended at first to dismiss the relator absolutely from the service. He retracted when the relator acquainted him with the circumstances and informed him of her illness. It is idle to say that he did not intend to effect a change by his second letter. He thought better of his purpose to absolutely discharge the relator and thus "separate her from the service." Instead of that disposition of her matter, he granted her "an indefinite leave of absence"; that is to say, a right

149 N.Y.S.—57

to be away from her work indefinitely, and therefore, by corollary, a right to come back whenever she pleased. She was given the absolute power to decide when she would return; the option rested with her alone. Of course, this depended upon her good faith. She would not be permitted to abuse the courtesy which had been extended to her. As soon as her health returned, it became her duty to return to the service. And she did so; that is, indicated a desire at least to do so. If there were no limitation or interpretation in the statute, the words "separation from the service" could never be held to include a leave of absence from the service. If the relator had a right at any minute to return to the service, she was no more separated from it than an employé is when on an ordinary two weeks vacation. The right to return in the latter case is fixed and definite; in the former case it is not fixed and is indefinite; but in each case there is the *right* to return, and therefore the employé is not separated from, but connected with, the service.

[3] There was no laches. The relator was persistent in her demand for reinstatement. The commissioner held her up from April 25, 1913, until January 5, 1914, without advising her as to his determination concerning her reinstatement, and then he only advised her after her lawyer had written. This is the first time the commissioner made absolute refusal to reinstate her. This was her first discovery of the wrong for which she seeks redress. She verified her petition in this action on the 25th of February following, and on the 2d of March instituted the proceeding.

The order of the Special Term should be reversed, and the writ should issue. All concur.