CHARLOTTE A. BAUER, ET ALS.

*vs.*

CHARLES M. A. COSTELLO, ET ALS.

Superior Court      New Haven County      File No. 55897

MEMORANDUM FILED MARCH 17, 1939.

*Fleming James, Jr.,* of New Haven, for the Plaintiffs.

*Vincent P. Dooley,* of New Haven; *Harold C. Donegan,* of New Haven, for the Defendants.

ELLS, J. The 11 plaintiffs are teachers in the public schools of New Haven and are married. Each had received a permanent appointment pursuant to the tenure of office law; each was duly certificated, and each possessed full legal qualifications; each had been actively engaged as a teacher in New Haven for a long period of years.

Seven of them were granted two-year leaves of absence by the Board of Education in 1935, four in 1936, and all for maternity purposes. Such leaves of absence had long been customary in New Haven and prior to 1937 the teachers on such leave had been permitted to resume substantially their former positions upon the expiration of the leave. When the leaves in question were granted the teachers were not informed that there would be a change of policy, nor did they have reason to believe there would be one.

At a reasonable time before the expiration of her leave each teacher duly informed the proper authorities of her desire to resume her duties, expressly requested that she be assigned to duty, and was thereafter ready, able and willing to resume teaching. At the time of each expiration there were teaching positions available but they were then occupied by non-tenure teachers.

In each case the superintendent of schools refused to take the teachers back and assigned various reasons for his action, particularly that there was no available place. Thereupon these plaintiffs appealed directly to the Board of Education. It referred the question to the corporation counsel for legal advice, and thereafter refused to assign these teachers to duty.

The conclusion is inescapable that practical reasons governed the action of the superintendent and of the board. In the early stages of this trial the desire to inject what the superintendent called "new blood" was the primary reason given. On the last day of the trial that reason disappeared from the testimony and economy was substituted as the reason. Throughout the testimony a third reason appeared and that was the serious practical difficulty in absorbing these teachers back into the system. It would involve displacing the substitute and probationary teachers who took the places of the tenure teachers when they went on leave. The superintendent and the board thereupon evolved the legal theory that a leave of absence is in effect a discharge or a resignation and that the plaintiffs had

forfeited their permanent appointments and the protection of the tenure of office act.

Neither in language nor in law is this a sound claim. None of these teachers was discharged, none resigned. They were given a leave of absence, that is, a *right* to be away from their work for a stated period and for a specific purpose, and, therefore, by corollary, a *right* to come back at the expiration of the leave. *People ex rel. Davie vs. Lynch,* 164 App. Div. 517, 149 N.Y.S. 895.

These teachers were granted "a leave of absence for two years." If they were in fact discharged, why the words "leave of absence" and why the words "for two years?" If they were discharged why not say so?

The consequences of the city's interpretation would be shocking. A qualified teacher with 40 years of faithful service who became ill, secured a short leave of absence, and recovered full health would lose her job, her pension, all the money she had paid into the retirement fund. A tenure teacher who received a leave of absence to study or travel would lose her job and have to begin all over again at the bottom of the ladder.

The effect of the tenure act is to protect tenure teachers from dismissal except for misconduct or inefficiency or "by reason of the position to which they were appointed being abolished, provided there is no other position to which they may be appointed, if qualified." There is no charge of misconduct or inefficiency against any of these plaintiffs; the positions to which they were appointed were not abolished and there are now positions to which they may be appointed. There was a contract for permanent employment which has not been terminated for any of the reasons stated in the contract.

The defendants read into the tenure of service act another reason for dismissal, namely a leave of absence. It isn't there and there is nothing in the act or in the circumstances of the present case which will warrant a court in inserting it.

The effect of the board's decision is to substitute practical considerations for the law. If conditions have so changed that a modification of the law is desirable, try that. It is not for the court to decide whether it is a wise law, but to enforce it as long as it remains law.

One must needs express admiration for those persons, pre-

sumably teachers, who secured the adoption of this law. They did a good job for themselves. It is effective in its purpose of creating tenure teachers and then making their tenure secure. There are few laws like it. It is a bird of rare plumage. Unless and until its wings are clipped it remains the law of the situation. There are arguments for and against its wisdom. It seeks to protect qualified teachers from politics and from the theories of changing superintendents and boards of education. On the other hand it creates many practical difficulties for school authorities. But, as I have said, these arguments as to the wisdom of the law are not for the court.

A way out is provided in the law. It is contended that married teachers with children are inefficient because their allegiance is divided between school and home, and because they have lost contact with teaching methods because of their absence. If they are inefficient for any reason the law expressly provides they may be discharged. Admittedly this is a difficult and somewhat impractical remedy.

The evidence shows a somewhat startling decline in enumeration, and a considerable surplus of teachers. To restore these tenure teachers to their old jobs, or one substantially as good, means the displacement of the substitute and probationary teachers who have been filling their positions during these two years. This is unfortunate for the non-tenure teacher but seems to be required by the law which intentionally and expressly gives precedence to tenure teachers.

There are no decisions on this subject in Connecticut. There are cases in other states which support the legal conclusion I have reached. As a matter of equity the plaintiffs' situation has good background. They have been long in the service as tenure teachers. They were granted leave of absence. The board had passed a rule in 1929, a reasonable reading of which permits the teacher to return to her old job upon expiration of the leave. Teachers have always been allowed to return. When these plaintiffs received their leave it was upon expectation that the rule and the custom would be followed. When the present superintendent came into office in 1937 he republished this rule in a bulletin. Shortly thereafter the present contrary position was taken—that they cannot return. But it is the law of the case and not the fairness of the statute that must govern my decision. I am pleased to believe, however, that it is correct both in law and in equity.

My conclusion is that these tenure teachers did not cease to be such because of this leave of absence granted by the Board of Education. Prior thereto they had a contract right to continuous employment (subject to certain conditions which do not exist in this case). A leave of absence does not terminate or abrogate that right. By mutual agreement it gives the right to remain away for a specific period for a given purpose, and the right to return at the end of the period not as an unemployed teacher seeking a job, beginning again at the bottom, but as a teacher resuming her job under the original contract and entitled to all its advantages. If there are more tenure teachers than available positions the Board of Education has discretion to select the one or ones to be retained. But all non-tenure incumbents of positions for which any permanent employee is qualified must be dismissed or displaced before such a situation will arise. In this case there are available positions held by substitute and probationary teachers and these teachers must give way to the plaintiffs. The Board of Education had the undoubted power to grant these leaves of absence. It is true that in a certain sense each plaintiff voluntarily separated herself from school service when she availed herself of her leave of absence, but the temporary and excused character of an absence with leave is obvious and it does not terminate the existing permanent appointment.

A declaratory judgment is rendered, answering the questions contained in the complaint, and declaring:

(a) That plaintiffs by availing themselves of these leaves of absence did not forfeit the permanent appointments as teachers which had theretofore been granted to them.

(b) Defendants were obliged to permit each plaintiff when she reported for duty at the end of her leave to resume her teaching duties if there was a position for which she was duly certificated and qualified and which was either vacant or held at that time by a non-tenure teacher.

(c) Defendants are now obligated to permit each plaintiff to resume her teaching duties if there is a position for which she is duly certificated and qualified and which is either vacant or now held by a non-tenure teacher, and it is the defendants' duty in the latter case to remove or displace such non-tenure teacher from such position.

(d) Defendants are obligated to permit any plaintiff for

whom there is now no available position to resume her teaching duties as soon as a position for which she is certificated and qualified shall become available; and a non-tenure teacher may not rightfully be appointed to such a position when there is an available qualified tenure teacher.

(e)   Each one of these plaintiffs is not entitled to the amount of her salary between the time her leave expired and the present time because the evidence does not legally support such an award.

An order in the nature of a writ of mandamus is made directing and commanding the defendants to reassign plaintiffs to positions as teachers in the public day schools of the New Haven school district and to dismiss or displace as many non-tenure teachers who now hold positions for which plaintiffs are qualified as is necessary to accomplish this object.