In the Matter of Louis J. MARASCO, Petitioner, against CLINTON W. ARESON, Superintendent of the State Agricultural and Industrial School at Industry, New York, et al., Respondents.

Supreme Court, Monroe County, December 13, 1941.

*Bunis & Bunis* for petitioner.

*John J. Bennett, Jr., Attorney-General* (*Nathaniel Fensterstock* of counsel), for respondents.

*Ralph R. Potter* appearing in person.

WHEELER, J. This is a proceeding under article 78 of the Civil Practice Act, in which petitioner is seeking reinstatement to the position of chief clerk at the State Agricultural and Industrial School at Industry, New York. Upon the return day of the application before the Special Term, Justice VAN VOORHIS deemed it inappropriate to dispose of certain questions of fact on the pleadings, and consequently directed trial pursuant to section 1295 of the Civil Practice Act.

The record now before the court, which by stipulation includes all the pleadings had and taken under three other contemporaneous applications under article 78, presents a complicated problem involving the mechanics relating to appointments and promotions in the civil service of the State. For the purpose of this discussion and in the interests of brevity, I will refer only to such facts as I deem strictly essential to the decision about to be rendered.

The petitioner, an honorably discharged veteran of the World War, for more than three years prior to November 1, 1938, occupied the position of chief clerk. Upon this date he was provisionally promoted to the position of steward at the same institution, which position he held until February 15, 1940, when he was given a temporary appointment as steward on the basis of an eligible list promulgated as of February 5, 1940, and on which petitioner stood second. Three months later, to

wit, May 15, 1940, one Walter Vadney was given the permanent appointment as steward, and petitioner was notified of his dismissal as temporary appointee. Thus it appears that there was a failure of petitioner's provisional or temporary appointment to mature into a permanent appointment.

Under such circumstances, what were plaintiff's rights as of May 15, 1940, the day of his dismissal? It appears that the Civil Service Commission acting under the authority of subdivision 1 of section 6 of the Civil Service Law, has prescribed a rule designed to protect the rights of an employee to be reinstated to his former position. (Rules for the Classified Civil Service, rule VIII, subd. 4.) The rule provides in part that: '' No employee holding a competitive position on a permanent basis shall be approved by the Civil Service Commission, as a provisional appointee to another competitive position in the same department, unless a written agreement is made by the head of the department that the said permanent position shall not be filled permanently pending the employee's reinstatement to same upon failure of his provisional appointment to mature into permanent appointment, or, unless the employee signs an unqualified resignation. Copy of said agreement or of the resignation must be filed with the Civil Service Commission at the time of nominating the employee to provisional appointment.''

It is to be noted that under the statute these rules have the force and effect of law and must be respected to the same degree. (*People ex rel. Davie* v. *Lynch,* 164 App. Div. 517.)

In the instant case it now appears that this rule was violated by the Civil Service Commission and the superintendent of the institution, inasmuch as petitioner's provisional appointment as steward was made and approved without the written agreement provided for in the rule having been made. May it now be successfully claimed by respondents, that petitioner's rights to his former position have been destroyed because of respondents' failure, unbeknown to petitioner, to conform to the Civil Service rules? I am of the opinion that such a result would be wholly inconsistent with and repugnant to the intent and purpose of the law and rules. Apparently, respondents themselves accepted this viewpoint at the time of petitioner's dismissal, as in their answer in the Moreland proceeding, they interposed as a defense Marasco's right to reinstatement as chief clerk.

I am of the opinion that the provisional appointment of petitioner, being made in direct violation of the rule, was

entirely illegal, and therefore did not serve to deprive him of his rights to the position of chief clerk. In *Matter of Stryker* v. *Board of Education* (250 App. Div. 319) the court was considering the effect of an illegal promotion to a higher grade. In commenting upon the subject, the court stated: "The situation is similar to one where a person is appointed from a civil service list to take the place of another illegally removed. Such removal creates a *de facto* vacancy and the reinstatement of the removed man would compel the ouster of the new appointee." What was said in that case may be applied here with equal effect. In our case it may be said with propriety that petitioner has been promoted out of a job. Furthermore, the illegality of petitioner's appointment was not revealed to him until after the commencement of the present proceeding. I, therefore, conclude that petitioner possessed the right as of May 15, 1940, to be reinstated to his former position of chief clerk.

There still remains for consideration the question of whether plaintiff has forfeited this right as a result of the subsequent course of events. Respondents aver that there has been a resignation, either actual or constructive, by petitioner from the position of chief clerk. I find and decide that there has been no resignation actual or constructive. Subdivision 1 of rule XVI of the Rules which relates to a resignation resulting from absence from the service on leave for more than one year, is in my opinion, inapplicable to the situation here existing.

Respondents further contend that petitioner is barred by laches and the Statute of Limitations from claiming reinstatement. It appears that petitioner made no formal demand for reinstatement after his discharge as steward until February, 1941. However, in view of the legal proceedings which were commenced immediately after his discharge, I am of the opinion that his demand for reinstatement was timely.

Petitioner commenced a proceeding to compel his reinstatement as steward. At the same time Moreland, his successor as chief clerk, commenced a similar proceeding to be retained in that position. In each proceeding an injunction order was obtained. In the one case the order restrained petitioner's removal as steward, and in the other restrained the removal of Moreland from his position of chief clerk. In both proceedings the petitioners therein were unsuccessful. This injunction order in the Moreland proceeding was not vacated until March 7, 1941. It was therefore impossible for petitioner to have been reinstated as chief clerk until March 7, 1941.

In view of the pendency of these legal proceedings that have been referred to, it seems proper to conclude that petitioner was justified in delaying his demand until Moreland's rights to the position of chief clerk had been finally adjudicated. (*Matter of Insley* v. *Shanahan,* 173 Misc. 33.)

I also find that there was never any tender of the position of chief clerk to petitioner after his discharge, and consequently, there was no refusal upon his part.

Nor am I impressed with the contention of respondents that Marasco's participation in legal proceedings brought to restrain his removal from the position of steward, should estop him from now asserting his right to the former position. A civil service employee should not be penalized because of the fact that he in good faith institutes proceedings in the courts to establish what he claims to be his legal rights.

For the reasons stated I conclude that an order should be entered reinstating petitioner to the position of chief clerk held by him on November 1, 1938, or in view of the reclassification since that date, to the position of senior account clerk.

Let order enter accordingly.