SCHOONMAKER, Plaintiff-Appellee, v GEORGE, ET AL.,
Defendants-Appellants.

KERR, Plaintiff-Appellee, v GEORGE ET AL., Defendants-
Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 20619-20620. Decided April 28, 1947.

Neil W. McGill, Cleveland, for plaintiffs-appellees.
L. C. Howley, Director of Law, Cleveland, Charles W. White,
Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.:

These appeals come to this court on questions of law from

judgments entered for the respective plaintiffs in their separate actions against the defendants seeking declaratory judgments in the Common Pleas Court as to their rights as police officers and the duties of the defendants, Clayborne George, Dan B. Cull and John Mihelich, acting as the members of the Civil Service Commission of Cleveland and the defendant, Frank Celebreeze, as the Director of Public Safety of the City of Cleveland. The cases will be considered together because the questions involved are identical.

The plaintiffs were, at the time of filing their respective petitions, members of the Cleveland Police Department. The following facts are not in dispute.

The ordinances of the City of Cleveland in setting up the personnel of the Police Department provide for twenty-four Captains.

On August 1, 1942, one Captain Joseph Skala was given a leave of absence, he having been inducted into the military forces of the United States. In November, 1945, Captain John Fleming was granted a six-months leave of absence for reasons other than military service.

In April, 1944, the eligible list for the office of Captain in the Cleveland Police Department was as follows:

1. Stanley W. Cerny.
2. Ralph E. Schoonmaker.
3. David E. Kerr.

Such eligible list, because of the two-year limitation provided for by the ordinances of the city was to expire April 12, 1946.

In August, 1945, the Director of Public Safety requested the Civil Service Commission to certify one person from the eligible list for the office of Captain of the Police Department. The Commission without inquiring as to whether or not there was a vacancy, certified the name of Stanley W. Cerny. The Director then attempted to promote Cerny to fill the "vacancy" created by the leave of absence of Captain Joseph Skala. In January, 1946, an additional Deputy Inspector was created by ordinance and Captain George P. Lucas was certified as next in line for such promotion and was appointed to that position. The Civil Service Commission then certified Ralph E. Schoonmaker as next in line for promotion to the office of Captain and his appointment made by the Director of Public Safety on Feb. 1, 1946. On March 6, 1946, the Director requested the certification of an additional person for appointment to the office of Captain of Police to fill the "vacancy" created by the absence of leave of Captain Fleming. The

name of David E. Kerr was thereupon certified and on March 8, 1946, he was appointed to the office of Captain of Police. On May 22, 1946, Captain Fleming's leave (which had been extended a month) expired and he returned to the force and the Director therefore notified officer Kerr and the Civil Service Commission of the "demotion" of Captain Kerr to the rank of Lieutenant. Thereafter on June 3, 1946, the Commission adopted the following resolution:

"WHEREAS, in the past several months there have been some fifteen promotions or purported promotions in the Division of Police, Department of Public Safety, resulting in notice to the Commission as of May 27, 1946, of the demotion of certain officers following the return of a Captain from a leave of absence; and

"WHEREAS, said demotions have raised certain questions in the mind of the Commission as to the validity of the whole number of promotions made, particularly since August, 1945; and

"WHEREAS, it appears that some of the purported promotions later became invalidated by subsequent events; and

"WHEREAS, it is necessary that the Commission determine the facts in connection with the performance of its duty under §436-21 and 486-22 GC of Ohio.

"THEREFORE, BE IT RESOLVED by the Civil Service Commission of Cleveland, in regular session convened this third day of June, 1946

"1. That the absence of a police officer with leave creates no vacancy to be filled by regular promotion.

"2. That, when an officer is absent with leave and without pay, the appointing authority may, if he finds it necessary or desirable, designate an officer in the next lower rank as an acting officer in the succeeding higher rank for such time as the regularly promoted officer is absent with leave.

"3. That the designation of an officer as an acting officer in a higher rank has no effect upon such officer's standing on the promotional eligible list.

"4. That the purported demotion of three certain officers as of May 22, 1946, is of no effect but shall be construed as the termination of the previous designation of such officers as acting officers in the next higher ranks.

"5. That the following promotions are held to be valid as of the dates preceding them:

"January 1, 1946  George Lucas from Captain to Deputy Inspector.

"January 1, 1946 Stanley Cerny from Lieutenant to Captain.

\* \* \* \* \* \*

"To the extent that any or all of the above named officers were purported to have been promoted at earlier dates, the effect of the same is hereby held to be a designation of such officer as an acting officer in the higher rank, subject, however to the ordinance limitation upon the number of officers in any given rank and such service shall not be credited toward entrance requirements in .any future promotional examinations.

"6. That the following purported promotions are of no legal effect and are invalid:

"February 1, 1946 Ralph Schoonmaker, from Lieutenant to Captain.

"March 8, 1946 David Kerr, from Lieutenant to Captain.

\* \* \* \* \* \*

"provided, however, that the Commission will recognize that the purported promotions of the above named five officers may be deemed to be a designation of each of them as acting officers in the next higher rank between dates as follows:

"Ralph Schoonmaker—Acting Captain since Feb. 1, 1946.

"David Kerr—Acting Captain from Mar. 8, 1946 to May 22, 1946.

\* \* \* \* \* \*

"BE IT FURTHER RESOLVED, that a copy of this resolution shall be forwarded to the Director of Public Safety and to each officer named herein;

"BE IT FURTHER RESOLVED, that the Director of Public Safety be and he is hereby requested to collaborate with the Secretary of the Commission to the end that the records of the Commission and the records of the department may be made to conform with the foregoing findings at the earliest practical date."

On July 1, 1946, Captain Skala returned from military service and Captain Schoonmaker who was then, by the resolution of June 3, 1946, serving as an "acting Captain" was "reverted" to the office of Lieutenant. As above indicated these actions were brought to determine the status of officers Ralph E. Schoonmaker and David E. Kerr.

It is the contention of the plaintiffs that having been promoted to the office of Captain to serve in the place of officers holding that office, who were on leave of absence, when such officers returned to duty as they had a lawful right to

466

do, that even though there were no vacancies in that branch of the service, their right to the office of Captain of Police should be held in a state of suspended animation until a vacancy in such rank would permit their lawful appointment thereto, even though the eligible list from which they had been certified had expired and a new list created by a subsequent examination held in accordance with the provisions of the ordinances of the city of Cleveland.

It is perfectly clear that the total number of Captains possible under the ordinance fixing the Table of Organization of the Police Department was 24. On and before Captain Skala was inducted into the military service in 1942 and Captain Fleming was granted a leave of absence on October 21, 1945, there were 24 Captains of Police legally appointed and serving in that capacity. The granting of leaves of absence to these officers did not create a vacancy in that branch of the service.

Hovey v Grier, 23 S. W. (2d) 1058.

In re Cole, 1 Law Rep. 218, Chan. Div. (1919).

People ex rel Davie, v Lynch, 164 App. Div. 517 (1914).

State ex rel McKittrich v Wilson, 166 S. W. (2d) 499 Mo. (1942).

The only authority conferred upon the appointing officer to appoint police officers to a position above the grade of patrolman is limited to the time when there is a vacancy in such branch of the service. **Sec. 486-15 (a) GC** provides:

"**Vacancies** in positions above the rank or grade of patrolman * * * * shall be filled by promotion from among persons holding positions in a grade or rank lower than the position to be filled. * * * * Whenever a vacancy occurs in a position above the grade or rank of patrolman * * * * and there be no eligible list for such grade or rank, the municipal civil service commission shall, * * * * hold a competitive promotional examination * * * * (and) shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification the appointing officer shall appoint the person so certified, within thirty days from the date of such certification. If there is a list, the civil service commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating and the appointing authority shall appoint such person within thirty days from the date of such certification."

The Civil Service Commission was in error, therefore, in certifying the officer at the head of the eligible list to the Director of Public Safety for appointment to the office of Captain of Police when there was in fact no vacancy and the Director was likewise in error in making such appointment. The resolution of the Commission of June 3, 1946, supra, was intended to and did correct the errors thus previously made.

We conclude, therefore, that while the Director of Public Safety had the power to direct officers of the grade of lieutenant to act in the place of a Captain who is absent from his duties by leave of absence lawfully granted, he has no power to appoint a lieutenant who is eligible for promotion to the grade of Captain to the office of Captain until a vacancy occurs in such branch of the service and any attempted appointment, where there is no vacancy, is void and of no legal effect.

For the reasons stated the judgment of the Court of Common Pleas is reversed and final judgment is rendered for the appellants.

HURD, PJ, and MORGAN, J, concur.