FRANK DE GUISEPPE, Plaintiff-Appellant, v. BOARD OF FIRE & POLICE COMMISSIONERS OF THE VILLAGE OF BELLWOOD et al., Defendants-Appellees.

(No. 60960; ▮▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—June 25, 1975.

*Rehearing denied July 23, 1975.*

Stanley H. Jakala, of Berwyn, for appellant.

Staehlin, Jantorni, Sullivan & Gentili, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a summary judgment entered by the Circuit Court of Cook County in favor of the defendants.

The issues presented on appeal are (1) Whether the appointment of Lieutenant Dwight Wulf to chief of police of the Bellwood Police Department on November 9, 1967, resulted in a vacancy in the rank of lieutenant; (2) Whether the 1968 Bellwood sergeants' promotional register was properly stricken in 1971, because no vacancy existed in the rank of sergeant which could have been filled from that register; (3) Whether plaintiff waived his right to promotion to sergeant under the 1968 promotional register by submitting to the 1972 promotional examination; and (4) Whether plaintiff is guilty of laches in asserting his claim for promotion to sergeant under the 1968 promotional register.

On November 9, 1967, Lieutenant Dwight Wulf was appointed chief of police of the Village of Bellwood Police Department.

On January 21, 1967, the plaintiff, Frank DeGuiseppe, was hired as a probationary police officer for the Bellwood Police Department. Plaintiff remained on probationary status until January 21, 1968. During this period of employment plaintiff was not eligible for promotion.

In April, 1968, plaintiff subjected himself to a promotional examination for the rank of sergeant. Plaintiff ranked sixth on the examination. The patrolmen who ranked one, two and three on the 1968 promotional

register were promoted to the rank of sergeant during 1970; the fourth-ranking patrolman was promoted in June, 1971. The promotional register of 1968, for the rank of sergeant remained in effect until July 13, 1971, at which time the list expired and the remaining names were stricken therefrom. The patrolman who ranked fifth on the 1968 promotional register was engaged in active service on the police force at the time the list expired, and remained so until November 18, 1971, when he resigned.

On February 11, 1972, plaintiff submitted himself to a second promotional examination for the rank of sergeant. The 1972 promotional register was effective as of April 19, 1972. On May 24, 1972, in a letter to the Board of Fire & Police Commissioners of the Village of Bellwood, plaintiff notified the Board he considered himself next in line for a promotion under the 1968 promotional register. On May 26, 1972, the Board promoted Lloyd Howard and Louis Nelson to the rank of sergeant, said promotions being effective as of June 1, 1972, and based upon results of the 1972 promotional examination.

On August 9, 1972, plaintiff instituted a complaint for declaratory judgment alleging the Board erroneously promoted patrolmen Howard and Nelson to the rank of sergeant and should have promoted plaintiff instead. In his complaint, plaintiff alleged that a vacancy had existed in the rank of lieutenant since November 9, 1967, when Lieutenant Dwight Wulf was appointed chief of police. Plaintiff contended that if the alleged lieutenant's vacancy had been filled from the rank of sergeant, then plaintiff would have been eligible for promotion to the rank of sergeant. Defendants filed their answer to plaintiff's complaint, denying plaintiff's allegations as to a vacancy in the rank of lieutenant and asking that the complaint be dismissed. Subsequently, upon leave of court, defendants filed a motion for summary judgment. On July 10, 1974, the trial court entered an order granting defendants' motion for summary judgment.

The plaintiff first contends the appointment of Lieutenant Dwight Wulf to chief of police on November 9, 1967, created a vacancy in the rank of lieutenant. Plaintiff argues that such a vacancy required the promotion of a sergeant to the rank of lieutenant, thereby resulting in a sergeant's vacancy which should have been filled by the promotion of plaintiff.

■■ We do not agree with the plaintiff's contention. Section 10—2.1—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, § 10—2.1—4) provides in part as follows:

> "If a member of the department is appointed Chief of Police or Chief of the Fire Department prior to being eligible to retire on pension he shall be considered as on furlough from the rank he held immediately prior to his appointment as chief. If he resigns as Chief or is discharged as Chief prior to attaining eligibility

to retire on pension, he shall revert to and be established in such prior rank, and thereafter be entitled to all the benefits and emoluments of such prior rank, without regard as to whether a vacancy then exists in such rank."

At the time of Lieutenant Wulf's appointment to chief of police he was ineligible to retire on pension; therefore, he was considered to be on furlough from the rank of lieutenant. The term "furlough" is defined as "a temporary leave of absence to one in the armed service of the country, or to a governmental official or an employee." (Black's Law Dictionary (4th ed. 1957).) The term "leave of absence" is defined as "temporary absence from duty with intention to return." (Black's Law Dictionary (4th ed. 1957).) Although there are no Illinois cases directly on point, the Court of Appeals of Ohio, in *Schoonmaker v. George* (1947), 48 Ohio L. Abs. 462, 74 N.E.2d 650, held that the granting of leaves of absence to two police captains did not create a vacancy in that rank of service. Further, the court held that "* * * any attempted appointment where there is no vacancy, is void and of no legal effect." When Lieutenant Wulf was appointed chief of police on November 9, 1967, he thereupon was on furlough or leave of absence from the rank of lieutenant, and no vacancy existed in that rank. Consequently, no promotion from the rank of sergeant to lieutenant was necessary, and therefore no vacancy in the rank of sergeant existed to which plaintiff could have been promoted.

Plaintiff next contends the 1968 sergeants' promotional register did not expire on July 13, 1971, because a vacancy existed.

For the reasons stated above, we believe no vacancy existed in the rank of sergeant as of July 13, 1971. Section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, § 10—2.1—15) provides, in pertinent part:

"All promotions shall be made from the 3 having the highest rating, and where there are less than 3 names on the promotional eligible register, as originally posted, or remaining thereon after appointments have been made therefrom, appointments to fill existing vacancies shall be made from those names or name remaining on the promotional register. * * * The Board shall strike off the names of candidates for promotional appointment after they have remained thereon for more than 3 years, provided there is no vacancy existing which can be filled from the promotional register."

Pursuant to said statutory authority, on July 13, 1971, the Board struck the remaining names on the promotional register and cancelled the list. The names which were stricken, plaintiff's name among them, had remained on the promotional register for more than 3 years and no further

vacancies existed in the rank of sergeant to which promotions could be made. The promotional register of 1968 was, therefore, properly stricken on July 13, 1971.

Even if we assume, *arguendo*, that a vacancy in the rank of lieutenant did occur upon the appointment of Lieutenant Wulf to chief of police on November 9, 1967, plaintiff was on probationary status at that time and was not eligible for promotion. Plaintiff remained ineligible for promotion until July, 1968, when he submitted himself to a promotional examination for the rank of sergeant and placed sixth on the promotional register. Assuming, again, that a vacancy eventually existed in the rank of sergeant due to Lieutenant Wulf's appointment to chief, the three highest ranking patrolmen on the promotional register would have been considered for promotion. Plaintiff, ranking sixth, would not have been eligible for promotion. Finally, if the promotion to sergeant were to have been made in July, 1971, plaintiff would still not have been completely vested with the right to promotion. As of July, 1971, the first four eligibles on the promotional register of 1968 had been promoted. Therefore, any promotion occurring on that date would come from those patrolmen ranking fifth, sixth, and seventh on the list. Plaintiff, ranking sixth, would have been a candidate for promotion, but would have had no absolute right to be promoted. The record clearly indicates that at no time did plaintiff have the absolute right to be promoted.

Plaintiff's third contention is that he did not waive his right to promotion under the 1968 promotional register when he subjected himself to the 1972 promotional examination.

■■■ We do not agree with plaintiff's contention. Plaintiff willingly subjected himself in February, 1972, to the new examination for promotion without contesting its validity and without making any claim to his alleged rights under the 1968 promotional register. To allow plaintiff to revert back to the 1968 register would unfairly prejudice other members of the Bellwood Police Department and would, in effect, render meaningless any and all promotional examinations administered by the department.

Plaintiff finally contends he was not guilty of laches in asserting his claim for promotion under the 1968 register.

We believe plaintiff's contention is without merit. Laches, an equitable principle, is "the neglect to assert a right or claim which, taken together with the lapse of time and circumstances causing prejudice to the opposite party, will bar a complaint." (*Dixon v. Cahill* (1973), 10 Ill.App.3d 779.) Delay in asserting complainant's rights is one of the elements of laches. As stated in *Kadon v. Board of Fire and Police Comm'rs.* (1964), 45 Ill. App.2d 425, 430:

"[I]n civil service cases, where prolonged delay may easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties, time is an essential factor."

In the instant case, plaintiff first informed the Board on May 24, 1972, that he elected to stand on his promotional rank on the 1968 list. At that time the 1968 register had expired, a new promotional examination had been given and plaintiff had subjected himself to that test. The alleged vacancy plaintiff complained of was to have existed since November 9, 1967. Plaintiff, therefore, waited 54 months from the time the alleged vacancy occurred before asserting his rights. He then waited 10 months after the 1968 register expired before notifying the Board, and in the interim, subjected himself to another promotional examination. In view of the above, plaintiff clearly delayed an unreasonable length of time in asserting his rights, and was guilty of laches.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.