ROBERT C. SMITH, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF BROOKFIELD *et al.*, Defendants-Appellees.

First District (1st Division)   No. 79-1736

Opinion filed June 16, 1980.

Stanley H. Jakala, of Berwyn, for appellant.

Paul E. Hamer, of Brookfield, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Robert Smith appeals from an order dismissing his complaint against defendant Board of Fire and Police Commissioners of the Village of Brookfield (Board) and other individually named defendants associated with that body. The complaint was for judicial review of the Board's decision not to reconsider his resignation from the Brookfield police department. He had submitted his resignation three

years earlier when he was indicted for the murder of his wife, a charge of which he was later acquitted.

On appeal, plaintiff argues that the trial court erred in dismissing his complaint (1) since his complaint for administrative review was filed within 35 days of the denial of his petition for reconsideration, as required by the Administrative Review Act and (2) since the Board denied him due process by denying his petition without first affording him a hearing.

We affirm.

The facts are not disputed. On July 29, 1974, plaintiff Robert Smith, a police officer for the village of Brookfield, submitted his resignation to the Board. On June 24 of that year, plaintiff's wife had been murdered and plaintiff was a suspect for that crime.

In February 1975, plaintiff was indicted for the murder of his wife. While the case was still pending, plaintiff petitioned the Board to reconsider his resignation on July 17, 1975. His petition was denied.

On March 8, 1978, plaintiff was acquitted of the murder of his wife.

Ten months later, in January of 1979, he again filed a petition for reconsideration of his resignation with the Board. In his petition he stated that at the time he submitted his resignation he was under mental stress and that he did not seek reinstatement earlier because of the pending murder case. The Board acknowledged receipt of the petition and delayed its decision until plaintiff's murder indictment had been expunged.

On March 15, 1979, the Board advised plaintiff that it was without authority to consider his petition because it was not submitted within 30 days of his resignation, as required by their rules.

Subsequently, on April 13, 1979, plaintiff filed a complaint for administrative review of the Board's actions. He alleged that his resignation was procured through duress by defendants Phillip Hollinger and Paul Schmidt and urged that he be reinstated to his former rank. Defendants filed a motion to dismiss on the basis that they possessed no statutory authority to reconsider his resignation, that his petition was not timely filed and was barred by laches. The motion was granted and plaintiff appealed.

On appeal, plaintiff first argues that it was error for the trial court to dismiss his complaint for administrative review, since it was filed within 35 days of the denial of his petition for reconsideration, as required by section 4 of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 267.) He concludes, therefore, that the complaint was timely filed and that he was not guilty of laches.

■■ We believe plaintiff's complaint was properly dismissed on the basis of laches. In *De Guiseppe v. Board of Fire & Police Comm'rs* (1975), 30 Ill. App. 3d 352, 332 N.E.2d 405, the court held that a police officer who

waited 54 months before challenging a promotion to sergeant was guilty of laches. The court stated:

> "Laches, an equitable principle, is 'the neglect to assert a right or claim which, taken together with the lapse of time and circumstances causing prejudice to the opposite party, will bar a complaint.' (*Dixon v. Cahill* (1973), 10 Ill.App.3d 779.) Delay in asserting complainant's rights is one of the elements of laches. As stated in *Kadon v. Board of Fire and Police Comm'rs* (1964), 45 Ill.App.2d 425, 430:
>
> > '[I]n civil service cases, where prolonged delay may easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties, time is an essential factor.' " (30 Ill. App. 3d 352, 356-57.)

In the instant case plaintiff did not file his first petition for reconsideration within 30 days of his resignation as required by Board rules, but delayed approximately one year. When the Board denied his petition because it was not timely filed, he did not challenge their decision by seeking administrative review. Rather, he waited nearly 3½ years and then filed a second petition for reconsideration. This second petition was filed nearly 10 months after his acquittal of the murder of his wife. As was his first petition, the second petition too, was denied because it was not submitted within 30 days of his resignation. We believe plaintiff's prolonged delay in asserting his rights, and the fact that a replacement officer, along with other additional officers, had been hired, preclude him from recovering.

■■ Plaintiff argues that the reason he did not seek administrative review of the denial of his first petition for reconsideration in July of 1975 was the pendency of the murder indictment against him. He contends that the indictment was a legal impediment which tolled the operation of section 4 of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 267). That section requires that complaints for administrative review be filed within 35 days of an administrative decision.

We reject this view. Section 21 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22) stated:

> "If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or incompetent, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed."

Nowhere in the statute is it indicated that a criminal indictment is sufficient to toll the running of the 35 day filing requirement. Only imprisonment on a criminal charge will suffice.

Lastly, plaintiff argues that the Board denied him due process by denying his petitions without first affording him a hearing.

■■ This issue is being raised for the first time on appeal. No clear theory of recovery was set out in the complaint. Plaintiff alleged only that "judicial review is sought for the reason the [Board's] decision is contrary to law and contrary to the actual facts of the case." Because this issue was not raised below and because plaintiff was guilty of laches, we will not consider it now.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.