Joseph Messina, M. D., Plaintiff-Appellant, v. Department of Registration and Education, Vera M. Binks, Director, Fredric B. Selcke, Superintendent of Registration and Education, S. Phil Hutchinson, Technical Adviser, 400 Spring Street, Springfield, Illinois, Defendant-Appellee.

Gen. No. 48,680.

First District, Third Division.

September 19, 1962.

Rehearing denied October 24, 1962.

Herbert M. Wetzel, of Chicago (Demetri M. Spiro, of counsel), for appellant.

William G. Clark, Attorney General, of Chicago (William C. Wines, Raymond S. Sarnow, A. Zola Groves and Aubrey Kaplan, Assistant Attorneys General, of counsel), for defendant-appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Joseph Messina, hereafter referred to as the plaintiff, filed an amended complaint in the Circuit Court of Cook County under the Administrative Review Act (Ill Rev Stats 1959, c 110, § 264 et seq.) to review a final decision of the Department of Registration and Education of the State of Illinois. The department had refused to give the plaintiff a license to practice medicine in the State of Illinois.

The plaintiff had applied for a license in the State of Illinois under the reciprocity provisions in the Medical Practice Act (chap 91, par 14) based upon the alleged fact that he had been licensed to practice medicine in the State of Massachusetts. The department refused to grant the license on the ground that the educational requirements of paragraph 14 had not been complied with, and on the further ground that the State of Massachusetts did not comply with the reciprocity section of the Illinois Medical Practice Act.

The uncontradicted facts are that plaintiff had attended the Chicago Medical School for a period of three years. After repeating his freshman year he

251

attained sophomore status and then was dismissed for poor scholarship in June, 1940. The plaintiff then transferred to the Mid-West Medical College in Kansas City, Missouri, where he graduated with the degree of M. D. in 1943. The Mid-West Medical College has never been accredited for the study of medicine by the Illinois Department of Education and Registration. After his graduation he served an internship at People's Hospital in Chicago, Illinois, which institution at that time was not approved for internship by the department. After the plaintiff had completed his training at People's Hospital on April 1, 1944, he on September 12, 1946 submitted his first application to take an examination to qualify as a physician in Illinois. This application was not approved and he was so notified September 13, 1946. He then established residence in Massachusetts and applied for and received an unlimited license to practice medicine in that State. On April 8, 1959 the plaintiff filed a second application for a medical examination in the State of Illinois. He again was advised that his application could not be approved since the Mid-West Medical College was not approved by the Department of Registration and Education, nor could plaintiff's internship at the People's Hospital in Chicago be recognized. On October 23, 1959 the plaintiff filed an application, through counsel, for a license to practice medicine in Illinois under the reciprocal section of the Medical Practice Act (chap 91, par 14). On November 5, 1959 the plaintiff, through counsel, was advised that the department would not consider the application. A further request for reconsideration was made by the plaintiff through counsel, and on February 10, 1960 the department restated its position that the application of the plaintiff could not be considered because of the fact that he was a graduate of a nonaccredited medical school and that he interned in a nonaccredited hospital.

The plaintiff thereupon filed an action in the Circuit Court under the Administrative Review Act. The department filed an answer. On November 1, 1960 the court entered an order affirming the decision of the department. Plaintiff thereupon filed a motion to vacate the order, which motion was denied by the trial court on January 5, 1961. The plaintiff then took an appeal to the Supreme Court of Illinois. The Supreme Court transferred the case to this court.

The governing statute is section 13 of the Medical Practice Act (chap 91, par 14), which provides, among other things, that the department may in its discretion issue a license without examination to any person who has been licensed to practice medicine in any other State upon certain conditions. Among the conditions are the following:

"3. That if the applicant seeks to practice medicine in all of its branches

(a) He is a graduate of a medical college, reputable and in good standing at the date of his graduation in the judgment of the department;

(b) The requirements for a license to practice medicine in all of its branches in the particular state, territory, country or province in which he is licensed are deemed by the department to have been substantially equivalent to the requirements for a license to practice medicine in all of its branches in force in this State at the date of his license;

" . . .

"5. That the state, territory, country or province in which such applicant was licensed shall be then according a like privilege to persons so licensed under the authority of the laws of this State."

■ The Supreme Court by transferring the case to this court has indicated that there is no constitu-

tional question involved. The Supreme Court has upheld the validity of the Medical Practice Act in People v. Walder, 317 Ill 524, 148 NE 287; People v. Hawkinson, 324 Ill 285, 155 NE 318; People v. Puckett, 324 Ill 293, 155 NE 319. See also Schyman v. Department of Registration and Education, 9 Ill App 2d 504, 133 NE2d 551, certiorari denied 352 US 1001. The only question to be determined here is whether the action of the department was in accordance with the applicable statute and was not an arbitrary decision without any basis in law.

 Section 11 of the Administrative Review Act (chap 110, par 274) provides that the hearing and determination of a final administrative decision shall extend to all questions of law and fact presented by the entire record before the court. The first question to be determined is whether under section 13 of the Medical Practice Act the department could under any circumstances license the plaintiff to practice medicine, and to that question the answer must be "no." The statute requires that the applicant be a graduate of a medical college in good standing at the date of his graduation. The Mid-West Medical College was not such a college. The statute further provides that the reciprocity shall only be extended where the requirements for a license to practice medicine in the particular State in which the applicant had been licensed are deemed by the department to have been substantially equivalent to the requirements under the Illinois law and that such State shall accord like privilege to persons so licensed under the Illinois law. The Massachusetts provisions do not satisfy either of those requirements. The plaintiff argues that he should have been accorded a hearing under the provisions of sections 16 and 17 of the Medical Practice Act (chap 91, pars 16a and 16b). Section 17 refers to the refusal of a license upon

certain grounds specified in section 16, none of which are applicable to the plaintiff.

The order of the Circuit Court of Cook County is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.