Donald Barrows, Plaintiff-Appellee, *v.* The City of North Chicago *et al.*, Defendants-Appellants.

(No. 74-128;

Second District (2nd Division)—October 17, 1975.

James T. Magee, of Rosing & Carlson, of Waukegan, for appellants.

Frank M. Daly, of Daly & Daly, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Defendants appeal from a declaratory judgment adjudging that a vacancy exists in the defendant city's police department to which plaintiff ("Barrows"), a patrolman in the city's police department, is entitled to be promoted, and ordering his promotion to the rank of sergeant with payment to him, effective April 25, 1970, of the difference in salary corresponding to that rank. The individual defendants are the members of the city's Board of Fire and Police Commissioners ("Board")[1] and Edward Chrapkowski, the city's chief of police. The principal issues presented are (1) whether a vacancy exists in the rank of police sergeant, (2) whether Barrows is entitled to promotion to that rank and (3) whether the Administrative Review Act is applicable and if so whether this suit is barred by Barrows' failure to exhaust his administrative remedy.

In May, 1969, defendant Edward Chrapkowski, a patrolmen since 1964 in the city's police department, was duly designated its chief of police. On March 14, 1970, the Board conducted an examination for "promotion to Police Sergeant" and on that date so notified the mayor and city council. The letter listed "the names of those who passed the examination in order of performance." The following names were accordingly listed in this order: (1) Ernest Fisher, (2) Edward Chrapkowski, (3) Donald Barrows, and eight other names.

On April 27, 1970, the city's police department included two sergeants, and the city adopted an ordinance increasing the number of police sergeants from two to four. Another section thereof provided that:

"[A]ny person appointed * * * to the offices of Chief of Police * * * shall continue to hold the permanent rank to which theretofore or thereafter appointed * * *. No vacancy shall be construed to have occurred by virtue of the elevation of any officer to any of the aforementioned posts * * *. * * * After the term of said appointive officer is terminated, said officer shall revert to the compensation schedule established for officers of equal permanent rank."

On May 26, 1970, the Board certified Fisher and defendant Chrapkowski "for promotion" to the rank of sergeant "to be effective as of April 25, 1970," and they were so promoted. As noted above, Chrap-

---

[1] The city is, and has been for many years, subject to the Board of Fire and Police Commissioners Act (division 2.1 of article 10 of the Municipal Code, as added by act approved August 10, 1965) (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—1 et seq.).

kowski was chief of police on the date of his "promotion" to the rank of police sergeant and continues to hold that position.

Barrows' request for appointment to the rank of police sergeant based on his assertion that a vacancy exists in that rank was refused by the Board.

■■ Defendants are mistaken in their contention that the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) is applicable to plaintiff's grievance, and that his failure to exhaust his remedy thereunder bars him from relief in this proceeding. Section 2 of the Act (Ill. Rev. Stat. 1971, ch. 110, par. 265) provides in effect that that Act is applicable only in those instances "where the act creating or conferring powers on [the] agency, by express reference, adopts the provisions of this Act." (See *Wilkins v. Department of Public Aid,* 51 Ill.2d 88.) The only final administrative decision of the Board to which the provisions of the Administrative Review Act are applicable are those relating to removal or discharge of officers or members of the Fire and Police Departments (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17).

■■ We next consider whether a vacancy exists in the rank of sergeant. Defendants rely on that provision in the ordinance of April 27, 1970, which states in effect that "No vacancy shall be construed to have occurred by virtue of the elevation" to "the office of Police Chief," and that "such officer shall continue to hold the permanent rank" to which he was appointed. The trial court concluded that that section of the ordinance was repugnant to section 10—2.1—4 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—4), because "the purpose of the statute in providing for a furlough in this situation is so that the position could be filled by an active officer and still permit the Chief to retain his protected rank."

We disagree. Section 10—2.1—4 provides in pertinent part as follows:
"If a member of the [police] department is appointed Chief of Police * * * prior to being eligible to retire on pension he shall be considered as on furlough from the rank he held immediately prior to his appointment as chief. If he resigns as Chief * * * prior to attaining eligibility to retire on pension, he shall revert to and be established in such prior rank, and thereafter be entitled to all the benefits and emoluments of such prior rank, without regard as to whether a vacancy then exists in such rank."

In *De Guiseppe v. Board of Fire & Police Commissioners,* 30 Ill. App.3d 352, decided recently, the court had occasion to construe that statute in a comparable situation. There the plaintiff contended that the

appointment of police lieutenant to chief of police resulted in a vacancy in the rank of lieutenant. That court, after quoting the statute and observing that at the time of the police lieutenant's appointment as chief of police he was considered as on furlough from the rank of lieutenant, stated:

"* * * therefore, he was considered to be on furlough from the rank of lieutenant. The term 'furlough' is defined as 'a temporary leave of absence * * * to a governmental official or an employee.' (Black's Law Dictionary (4th ed. 1957).) The term 'leave of absence' is defined as 'temporary absence from duty with intention to return.' (Black's Law Dictionary (4th ed. 1957).) Although there are no Illinois cases directly on point, the Court of Appeals of Ohio, in *Schoonmaker v. George* (1947), 48 Ohio L. Abs. 462, 74 N.E.2d 650, held that the granting of leaves of absence of two police captains did not create a vacancy in that rank of service. Further, the court held that '* * * any attempted appointment where there is no vacancy, is void and of no legal effect.' " 30 Ill.App.3d 352, 355.

We agree with that construction of section 10—2.1—4 (and the Ohio court's ruling) and therefore hold that the city ordinance is not inconsistent with the provisions of the State statute insofar as the case at bar is concerned.

Barrows also contends that a vacancy exists in the rank of sergeant because Chrapkowski was 37 years old when he was certified (in 1964) as a patrolman in North Chicago's police department, and therefore was not qualified either to take the March, 1970, examination for police sergeant or to be so appointed because he was "not a policeman." He relies on section 10—2.1—6 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—6), requiring "[a]ll applicants for a position in" the Fire and Police Department to be "under 35 years of age." [2] The record in this case shows only Chrapkowski's age on the date of *his certification* as patrolman, which was 37. There is no proof as to Chrapkowski's age when *he applied for a position* in the police department. In addition, the question of Chrapkowski's right to a position in the police department since 1964 is not germane to the issue before us, namely, Barrows' entitlement to promotion to the rank of police sergeant. For those reasons there is no need to consider that contention further.

---

[2] In 1964 this same provision was included in section 10—2—6 of the Municipal Code (Ill. Rev. Stat. 1963, ch. 24, par. 10—2—6).

In view of our holding we need not consider any other issues raised by the parties.

Therefore, the judgment of the circuit court of Lake County is reversed.

Judgment reversed.

T. MORAN and DIXON, JJ., concur.