THE PEOPLE *ex rel.* SOLOMON SMITH *et al.*, Plaintiffs-Appellants, *v.* THE
BOARD OF FIRE AND POLICE COMMISSIONERS OF MAYWOOD *et al.*,
Defendants-Appellees.

First District (1st Division) No. 76-863

Opinion filed July 25, 1977.

Andrew J. Creighton and Theodore P. Fields, both of Chicago (Fields, Smoller
& Fields, of counsel), for appellants.

Ancel, Glink, Diamond & Murphy, of Chicago (Ronald M. Glink and Gordon
V. Levine, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:
Plaintiffs are Maywood police officers who took an examination for
promotion to sergeant. They brought this action for declaratory judgment
and mandamus to review the conduct and results of the examination.

Defendants' motion for judgment on the pleadings was granted and the cause was dismissed by the circuit court. Plaintiffs appeal, raising four issues: (1) whether declaratory judgment and mandamus are appropriate remedies to challenge the conduct of a Board of Fire and Police Commissioners in its formulation, conduct and scoring of a promotional examination; (2) whether the discretion vested in a Board of Fire and Police Commissioners precludes judicial scrutiny in an action alleging violation of statutory mandates; (3) whether the plaintiffs acted promptly to preserve their rights and to contest the validity of the promotional examination; and (4) whether plaintiffs stated a cause of action in mandamus.

The plaintiffs are nine patrolmen who, along with other patrolmen, took the promotional examination for sergeant administered by the defendant Village of Maywood Board of Fire and Police Commissioners (Board) during May, June and July of 1975. The examination consisted of a written test and an interview. On July 2, 1975, an eligibility list was posted. A final eligibility list was posted on July 25, 1975. Defendant Matthews was promoted to sergeant pursuant to that list on August 1, 1975. Plaintiffs filed a complaint for declaratory judgment and mandamus and a motion for a temporary restraining order seeking to void the final eligibility list and to require the Board to adopt rules for promotional examinations and to administer a new examination for sergeant. Defendants answered the complaint, prayed for the denial of any relief to plaintiffs and pleaded several affirmative defenses. The principal defense raised was that the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) barred plaintiffs' action. Subsequently, defendants moved for judgment on the pleadings, which was granted.

Plaintiffs contend that the trial court improperly entered judgment for defendants because declaratory judgment and mandamus are the appropriate methods for reviewing the Board's conduct of the promotional examination.

■■ Plaintiffs argue that if they cannot obtain review by mandamus they will be unable to obtain review of the Board's actions for the reason that the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) does not apply to the conduct of promotional examinations by the Board. Plaintiffs argue that because the provision of the Municipal Code making the Administrative Review Act applicable is in the section providing for removal or discharge it applies only to the Board's final decisions on the removal or discharge of officers. The paragraph of that section adopting the Administrative Review Act states:

> "The provisions of the 'Administrative Review Act', approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all

proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act'." (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17.)

"Hereunder" in this context refers to the entire Fire and Police Board Division of the Municipal Code of 1961 (Ill. Rev. Stat. 1973, ch. 24, pars. 10—2.1—1 *et seq.*), thereby applying administrative review to all final decisions of the Board. (See *Zieler v. Village of Oak Lawn* (1974), 23 Ill. App. 3d 752, 320 N.E.2d 86; *People ex rel. Fike v. Slaughter* (1961), 31 Ill. App. 2d 175, 175 N.E.2d 585.) Where similar language was employed in the Medical Practice Act (Ill. Rev. Stat. 1961, ch. 91, par. 16b—2), this court found that "hereunder" meant the entire act and all final decisions pursuant to that act were subject to administrative review. (*People ex rel. Goldfarb v. White* (1964), 54 Ill. App. 2d 483, 203 N.E.2d 599; see also *Messina v. Department of Registration & Education* (1962), 37 Ill. App. 2d 250, 185 N.E.2d 389.) We decline to follow *Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960, 336 N.E.2d 596, cited by plaintiffs.

■■ The Administrative Review Act provides a simple mode of review, eliminates the inequities and confusion of traditional common law remedies and provides a single uniform method by which administrative decisions of a governmental agency can be reviewed. (*People ex rel. Stone v. Wilson* (1969), 111 Ill. App. 2d 101, 248 N.E.2d 826.) It bars plaintiffs' action.

Plaintiffs argue that there is no record for review and therefore judicial review pursuant to the Administrative Review Act would not be meaningful. This contention is without merit. There is a complete record of the promotional examination proceedings consisting of any rules under which the examination was given, the notice of the examination, the written examination, the guidelines for the conducting of the oral examination, the evaluations of performance on each section of the examination and the eligibility lists, without and with military credit added which resulted from the examination proceedings.

■■ The trial court properly entered judgment for defendants. Because we have concluded that the Administrative Review Act was the sole applicable method of review, we need not consider the other issues raised by plaintiffs.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.