JAMES FOSTER, Plaintiff-Appellant, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF OAK BROOK *et al.*, Defendants-Appellees.

Second District   No. 78-500

Opinion filed February 14, 1980.

Walker, Gende, Hatcher, Doyle & Giamanco, of Oak Brook, for appellant.

Alfred P. Bianucci and Donald W. Forester, both of Oak Brook, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

James Foster, formerly a police officer of the Village of Oak Brook, sought administrative review of an order of the Board of Fire and Police Commissioners of the Village of Oak Brook which promoted one Vincent Artl over him to sergeant status. He appeals from the circuit court judgment denying relief, contending that it was unsupported by the evidence. His sole argument is that Artl did not pass the eligibility examination and was therefore not eligible for promotion. The Board and Artl claim that the record is sufficient and, in addition, contend that subject matter jurisdiction is lacking.

■■■ Generally, the Administrative Review Act governs every action to review judicially a final decision of any administrative agency "where the Act creating or conferring power on such agency, by express reference, adopts" its provisions. (Ill. Rev. Stat. 1977, ch. 110, par. 265. See also *Chestnut v. Lodge* (1966), 34 Ill. 2d 567, 571; *Wilkins v. Department of Public Aid* (1972), 51 Ill. 2d 88, 90.) Whether this action is governed by the Administrative Review Act involves the interpretation of section 10—2.1—17 of the Illinois Municipal Code which states, as material:

> "The provisions of the 'Administrative Review Act', approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act'." (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17.)

This court has concluded that "[t]he only final administrative decision of the Board to which the provisions of the Administrative Review Act are applicable are those relating to removal or discharge of officers or members of the Fire and Police Departments [citation]." (*Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960, 962.) The trial court, however, apparently relying on the case of *People ex rel. Smith v. Board of Fire & Police Commissioners* (1977), 51 Ill. App. 3d 221, also cited by Foster here as controlling authority, found that it did have subject matter jurisdiction of the action. In *Maywood* the appellate court in the First District, relying on the provision that the Administrative Review Act should apply to final administrative decisions of the Board of Fire and Police Commissioners "hereunder," concluded that all final decisions of the Board were subject to administrative review. (51 Ill. App. 3d 221, 223.) We do not agree and decline to modify the position we took in *Barrows.*

Section 10—2.1—17 deals with the subjects of removal, discharge and retirement of policemen and firemen in municipalities "with a population of at least 5,000 and not more than 250,000 which is not subject to Division I of this Article, and in every municipality with a population of less than 5,000 which adopts this Division 2.1 as provided in Section 10—2.1—27 * * *." (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—1.) The first paragraph of section 10—2.1—17 prescribes the bases and methods for removal and discharge. The second paragraph sets a retirement age. The language dealing with the Administrative Review Act is found in the third paragraph of the section. The fourth and final paragraph of the section deals with suspensions of not less than five days. The language adopting the Administrative Review Act is not set out in a separate section of

division II of the Act but rather is found only in the section dealing with removal and discharge.

This should be contrasted with the manner in which the Administrative Review Act is adopted for division I municipalities. There, a completely separate section is used to adopt the Administrative Review Act as the method of review. (See Ill. Rev. Stat. 1977, ch. 24, par. 10—1—45.) Section 10—1—45 states:

> "The provisions of the 'Administrative Review Act', approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of a Civil Service Commission, or of the Police Board of a city of more than 500,000 population. The term 'administrative decision' is defined as in Section 1 of said Administrative Review Act."

■■ Oak Brook is a division II municipality. The fact that the legislature devotes a separate section to the adoption of the Administrative Review Act for division I municipalities and merely sandwiches the provision within a section dealing with discharge for division II municipalities evidences an intent that the Administrative Review Act be generally applicable to all sections of division I and the subjects they encompass, but that the Act be specifically limited in application for division II municipalities to removal and discharge. We conclude that promotional examinations given by a division II municipality pursuant to section 10—2.1—10 through section 10—2.1—15 are not subject to review under the Administrative Review Act. Therefore the trial court erred in finding that it had subject-matter jurisdiction on the basis of that act.

However, we must further inquire whether subject matter jurisdiction is present under common law *certiorari*, since the real issue is not what the complaint is entitled but whether it is legally sufficient as a basis for review. (See *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 15; *Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 122.) In both *Nowicki* and *Homefinders* complaints brought under the label of the Administrative Review Act when that Act was inapplicable, were reconsidered as under *certiorari* with the result that the merits were required to be reached.

■■ Reaching the merits, we conclude that the record before the trial court was sufficient to affirm the decision of the board promoting Artl to sergeant on June 7, 1971, considering the nature of the administrative proceedings. On review, the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct. (Ill. Rev. Stat. 1977, ch. 110, par. 274.) In preparing an eligibility list for subsequent promotions there is obviously no place for an evidentiary hearing which would result in a transcript of proceedings

such as would be available in, for example, zoning matters (compare *Nowicki* and *Homefinders*), or in disciplinary proceedings. (See Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17.) It would, of course, have been helpful on review if the supporting computations were available which would show the particular scores on the written examination, the oral examination, the merit and efficiency portion and noting the seniority and military credits (a practice which apparently is now in effect). Remedies are, of course, available, such as *mandamus*, declaratory judgment or injunction, for an applicant to pursue who claims that the Board in establishing an eligibility list has not followed the statute or the rules. And, in fact, it appears from the record that Foster filed a suit for *mandamus* which was dismissed.

We have before us only a review of the record of the administrative proceedings. However, the record consisting of the minutes of the Board, its rules and the order appointing Artl as sergeant effective June 7, 1971, is sufficient for this purpose. The minutes of the Board evidence that the patrolmen who had taken and passed the written examination were orally examined and that the eligibility list was established on which Artl's name appears as well as Foster's and others.

Foster relies on one particular item to support his contention that the order was against the manifest weight of the evidence. However, the evidence upon which he relies is an unsigned, undated and specifically unidentified photostatic copy of a handwritten sheet on which were written various numbers under four categories after the names of the four persons who took the examination in issue. No foundation was laid which would give evidentiary value to the paper, however, and the document therefore does not undermine the finding of the Board that Artl passed. The judgment is not against the manifest weight of the evidence, and we therefore affirm.

Affirmed.

WOODWARD and NASH, JJ., concur.