KEVIN J. SULLIVAN, Plaintiff-Appellant, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF LISLE, Defendant-Appellee.

Second District    No. 81-277

Opinion filed December 28, 1981.

Stanley H. Jakala, of Berwyn, for appellant.

Walter P. Maksym, Jr., of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Kevin J. Sullivan, appeals from an order of the circuit court of Du Page County dismissing with prejudice his complaint for declaratory judgment against defendant, the Board of Fire and Police Commissioners of the Village of Lisle, Illinois (board), who discharged him from his position as a probationary police officer in the Village of Lisle. After his discharge, plaintiff commenced this action which sought a declaration that his discharge was the result of a second psychological examination

which, contrary to the requirements of the relevant provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6), was not practical in character and did not fairly test plaintiff in his ability to discharge his duties as a police officer. Plaintiff alleged in his complaint that the effect of this statute was to give him a vested property right to an examination of such a nature, and that the second psychological examination be held for naught and he be reinstated to the rank of patrolman. The trial court found he had no vested right and granted defendant's motion to dismiss. Appeal to this court followed.

The factual allegations in the complaint state the following: plaintiff was hired by the board as a probationary police officer on August 15, 1979; prior to this hiring, plaintiff was subjected to a written examination, a physical examination, a psychological examination, a polygraph examination, an oral interview and a background examination; and scored the second highest grade on the written examination. He further alleged the following: he attended and successfully completed a Police Training Institute course conducted by the University of Illinois; he prepared a report of the course for the police chief and was praised; he was appointed to organize a police department library; he prepared a retail theft slide program; he had the best police improvement activity record for the period ending July 1980, with nine felony arrests out of a total of 22 made in the Lisle Police Department, and 66 misdemeanor arrests out of a total of 202; and he was recommended by the police chief to the board for appointment as a permanent police officer for the village at the termination of his probationary period. The complaint further states that he was requested to and did take a second psychological examination which was the same as the first; that on August 11, 1980, he was informed by the board that because he had not met all the standards set by the board, his employment with the village was terminated as of that date; and that he was informed that the second psychological examination determined his termination. He also alleged that this examination was not practical in character and did not fairly test the plaintiff in terms of his ability to discharge his duties as a police officer in contravention of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6).

Plaintiff's complaint is based on the theory that an applicant for a position in a police department has a vested property interest under section 10—2.1—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6) in examinations which are "practical in character and relate to those matters which will fairly test the capacity of the persons examined to discharge the duties of the positions to which they seek appointment." Although a probationary policeman may have no vested property interest in future employment as a regular police officer, plaintiff maintains that he does possess a vested property interest in

examinations of the character provided for by statute, which interest may not be infringed upon summarily. Plaintiff further maintains that the psychological retest did not practically and fairly examine his capacity to serve as a police officer, and that his performance during his probationary period negated the results of the second examination. He therefore contends that the second examination infringed upon a protected property interest in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

The board contends that plaintiff failed to file his complaint within the 35 days prescribed by the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 267), and it was required to be dismissed by the trial court for want of jurisdiction. The board also argues that as a probationary police officer, plaintiff could be summarily dismissed without a hearing, and enjoys no vested property right in his employment.

■■ ■ Initially, we address the issue raised by the board that the complaint for declaratory judgment should have been dismissed by the trial court for want of jurisdiction since it was not filed within 35 days of the date of the decision terminating him, as required under section 4 of the Administrative Review Act. (Ill. Rev. Stat. 1979, ch. 110, par. 267.) It has been held that a police and fire board is authorized by statute (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—15) to provide for summary discharge of probationary police officers. (*Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397; *Doyle v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 449, 363 N.E.2d 79, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1609, *rehearing denied* (1978), 436 U.S. 941, 56 L. Ed. 2d 781, 98 S. Ct. 2839.) That section, unlike section 10—2.1—17 of the Municipal Code (relating to removal or discharge of officers or members of fire and police departments pursuant to "final administrative decisions of the board * * * hereunder"), makes no specific provision for application of the Administrative Review Act. It is well settled that the Administrative Review Act is applicable in only those instances where it has been adopted by express reference by the act creating or conferring jurisdiction upon the administrative agency involved. (*Wilkins v. Department of Public Aid* (1972), 51 Ill. 2d 88, 90, 280 N.E.2d 706; *Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 174, 425 N.E.2d 499.) Also, this court has previously held that the Administrative Review Act is unavailable concerning promotional examinations given by a municipality pursuant to sections 10—2.1—10 through 10—2.1—15 of the Municipal Code. (*Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 400 N.E.2d 1089.) The Administrative Review Act being inapplicable to a claim brought under section 10—2.1—15 of the Municipal Code, plaintiff's complaint for declaratory judgment was timely filed.

Having found that the procedures under the Administrative Review Act are inapplicable to the case at bar, we turn now to the main issue on appeal: whether plaintiff has a vested property right in examinations which are "practical in character and relate to those matters which will fairly test the capacity of the persons examined to discharge the duties" of a police officer. (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6.) The pertinent statutory provision provides, *inter alia*, as follows:

"All applicants for a position in either the fire or police department municipality shall be * * * subject to an examination which shall be public, competitive, and free to all applicants, unless the council or board of trustees by ordinance limit applicants to electors of the municipality, county, state or nation, and shall be subject to reasonable limitations as to residence, health, habits and moral character. * * * The examinations shall be practical in character and relate to those matters which will fairly test the capacity of the persons examined to discharge the duties of the positions to which they seek appointment. * * * The examinations shall include tests of physical qualifications and health. * * * The examinations shall be conducted by the board of fire and police commissioners of the municipality as hereinafter provided. * * *" Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6.)

It has been established that the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property must be attended by the requirements of procedural due process. (*Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.) "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." (408 U.S. 564, 576, 33 L. Ed. 2d 548, 560, 92 S. Ct. 2708.) To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have a legitimate claim of entitlement to it. (408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709.) Property interests are not created by the Constitution, but instead "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709; *Perry v. Sindermann* (1972), 408 U.S. 593, 601, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694, 2699.) "A property interest in employment can * * * be created by ordinance, or by an implied contract." (*Bishop v. Wood* (1976), 426 U.S. 341, 344, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074, 2077.) The sufficiency of the claim of entitlement to the property interest must be decided by reference to State law. 426 U.S. 341, 344, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074, 2077.

■■ Plaintiff cites no specific authority for the proposition that a property interest may be found to exist in examinations of a particular character with respect to probationary public employment. Plaintiff relies solely upon the fact that section 10—2.1—6 (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6) provides for all applicants to be subject to competitive examinations which "shall be practical in character and relate to those matters which will fairly test the capacity of the persons examined to discharge the duties of the positions to which they seek appointment." It is clearly the law in Illinois that a probationary police officer has no vested property right in "regular" employment and a board may adopt a rule providing for summary discharge of probationary police officers. (*Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397; *Doyle v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 449, 363 N.E.2d 79.) Nothing in the express language of the statute (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—6) purports to give a probationary police officer a vested property right in a particular type of examination. Rather, we believe the statutory language that "examinations shall be practical in character and relate to those matters which will fairly test the capacity of the persons examined to discharge the duties of the positions to which they seek appointment" is a procedural requirement imposed upon police and fire boards in their testing of applicants. In this respect, an applicant, such as plaintiff, does not have a vested property right but merely has the standing to assert in an appropriate case that the procedure created by statute has not been followed by the board.

In the case at bar, the plaintiff's contention in his complaint that the statute has not been followed is alleged as follows:

"12. That, prior to the receipt of the notice of termination, the plaintiff had been subjected to a second psychological test, exactly the same test he had taken prior to his acceptance as a probationary police officer by the Lisle Police Department under the auspices of the Government Personnel Consultants.

13. That subsequently, the plaintiff was informed that the second psychological examination determined his termination.

\* \* \*

15. That the plaintiff was subjected to a second psychological examination which was not practical in character and did not fairly test the plaintiff in terms of his ability to discharge his duties as a police officer.

16. That the second psychological test violated the plaintiff's constitutional rights of a vested property interest as protected by the Fourteenth amendment of the United States Constitution and that the second examination thereby should be held for naught."

We are of the opinion that such allegations are conclusionary and unsup-

ported by specific facts and, therefore, are not sufficient to state a cause of action.

Although pleadings are to be liberally construed (Ill. Rev. Stat. 1979, ch. 110, par. 33(3)), and a defendant's motion to dismiss admits all facts well pleaded (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375, 375 N.E.2d 1280), nonetheless, in considering a motion to dismiss, the pleadings are to be construed strictly against the pleader. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 493, 147 N.E.2d 69; *Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.) Notice pleading is not sufficient under our Civil Practice Act. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 8, 373 N.E.2d 1326.) As most recently stated by our supreme court in *Knox College v. Celotex Corporation* (1981), 88 Ill. 2d 407, 426:

> "If a motion to dismiss admits only facts well pleaded and not conclusions, then, in considering the motion if after deleting the conclusions that are pleaded there are not sufficient allegations of fact which state a cause of action against the defendant, the motion must be granted regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him."

Testing plaintiff's complaint in this light, there simply are no specific allegations of the way in which the second psychological examination administered to plaintiff was not practical in character and relate to those matters which will fairly test the capacity of the persons examined. Plaintiff has argued in this court that he would stand on his pleadings as stating a cause of action. We conclude that considering the plaintiff's entire complaint, and particularly the pertinent paragraphs referred to above, the plaintiff has not pleaded specific facts sufficient to state a cause of action in order to withstand a motion to dismiss. (See *Knox College v. Celotex Corporation* (1981), 88 Ill. 2d 407, 426.) Although the trial court appeared to dismiss plaintiff's complaint solely on the basis that he had no vested right, we may sustain the trial court's ruling on any ground justified in the record on a motion to dismiss which is based entirely on a question of law. *Shufelt v. City of Rockford* (1980), 89 Ill. App. 3d 717, 719, 412 N.E.2d 4.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.