BRITT A. BEARD, Plaintiff-Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF WASHINGTON *et al.*, Defendants-Appellees.

Third District   No. 3—84—0327

Opinion filed February 14, 1985.

David M. Lynch, of Lynch & Bloom, of Peoria, for appellant.

Kenneth L. Black, of Black & Black, of Washington, and Frederick A. Bernardi, of Bernardi & Bernardi, of Pekin, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from the dismissal of a complaint filed in the circuit court of Tazewell County. The complaint alleged that plaintiff, Britt Beard, and several other police officers (all named defendants) were improperly listed on the promotional eligible register in violation of section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—15). Although none of the officers listed had passing scores on the promotional examination, the register was used to promote one officer to sergeant. Defendants, the board of police commissioners of the city of Washington and the other parties defendant, moved to dismiss for failure to exhaust administrative remedies. The circuit court granted the dismissal.

The sole issue before us on appeal is whether the Administrative Review Law (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) applies to promotion of police officers under section 10—2.1—15 of the Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—15).

There is a split in authority on this issue. The First District Appellate Court held in *People ex rel. Smith v. Board of Fire & Police Officers* (1977), 51 Ill. App. 3d 221, 366 N.E.2d 554, that the Administrative Review Act applies generally to all of division 2.1 of article 10, "Board of Fire and Police Commissioners," of the Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—1 *et seq.*). On the other hand, the Second District Appellate Court has several times held that the Administrative Review Act applies only to section 10—2.1—17, the only section in which the Administrative Review Act is mentioned, and not to section 10—2.1—15. (See *Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960, 336 N.E.2d 596; *Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 400 N.E.2d 1089; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 430 N.E.2d 636.) We prefer the reasoning of the First District Appellate Court in *Smith v. Board of Fire & Police Officers* and, therefore, affirm the decision of the circuit court of Tazewell County.

In *Smith*, the decision leans on the definition of "hereunder" in the section entitled "Removal or Discharge—Investigation of Charges—Retirement." The pertinent paragraph of that section reads as follows:

"The provision of the Administrative Review law, and all amendments and modifications thereof, and the rules adopted

pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. ***'' (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.)

As the court in *Smith* found, "hereunder" in this paragraph applies to "the entire Fire and Police Board Division of the Municipal Code of 1961 (Ill. Rev. Stat. (1973), ch. 24, par. 10—2.1—1 *et seq.*)" and applies to all final decisions of that board. (51 Ill. App. 3d 221, 223, 366 N.E.2d 554, 556.) Furthermore, this is the identical provision found in division 1 of article 10, "Civil Service in Cities," and we will not limit the applicability of the above paragraph merely because in division 2.1 of article 10, "Board of Fire and Police Commissioners," the paragraph dealing with administrative review is a paragraph within a section, whereas in division 1 of article 10, "Civil Service in Cities," the paragraph is a separate section. The section containing the administrative review paragraph is a general section dealing with a variety of only loosely related provisions.

For the foregoing reasons, we find the Administrative Review Law applicable to promotion under section 10—2.1—15, and we therefore affirm the decision of the circuit court of Tazewell County dismissing the complaint.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.