DAVID BURGESS, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF EVERGREEN PARK, Defendant-Appellee.

First District (5th Division)   No. 1—93—2588

Opinion filed September 8, 1995.

Stanley H. Jakala, of Berwyn, for appellant.

Michael G. Cainkar and Vincent Cainkar, both of Louis F. Cainkar, Ltd., of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

## BACKGROUND

The plaintiff-appellant David Burgess alleged in his two-count first amended complaint for declaratory judgment and *mandamus* that the defendant-appellee Board of Fire and Police Commissioners of the Village of Evergreen Park (hereinafter referred to as the

Board) wrongfully based its decision not to hire him as a full-time Evergreen Park police officer on biased, unfair, and inaccurate testing procedures. The Board moved to dismiss the first amended complaint under sections 2—615 and 2—619 of the Code of Civil Procedure. (735 ILCS 5/2—615, 2—619 (West 1992).) The circuit court granted the Board's motion to dismiss and the plaintiff now appeals.

FACTS

The plaintiff alleged in his first amended complaint that he applied for the position of full-time police officer with the Village of Evergreen Park and that, after successfully completing written, oral, and physical testing, and being ranked twelfth on a hiring list, he was further required to participate in an oral psychological examination and in a polygraph examination. The plaintiff completed these examinations and, although he had worked as a part-time Evergreen Park police officer since May 1984, was subsequently notified that the results of both examinations "were not satisfactory" and that his application for the position of full-time police officer therefore would receive no additional consideration.

The complaint further alleged that prior to conducting the above-mentioned psychological examination the psychologist who performed the evaluation stated to him that he "understood that the plaintiff had a personality conflict with [the psychologist's] secretary in scheduling an appointment" and that the psychologist's subsequent "comments about the scheduling problems were phrased in a manner to exhibit bias and prejudice against the plaintiff upsetting [him] and making him nervous."

The plaintiff asserted in his declaratory judgment count, which was essentially identical to his *mandamus* count, that the bias which the psychologist allegedly displayed and the inherent unreliability of the polygraph rendered the testing process by which the Board rejected his application unfair and irrational, therefore depriving him of a liberty interest guaranteed under the due process clauses of the fifth and fourteenth amendments to the United States Constitution. In his prayer for relief he sought a declaration that the psychological and polygraph examinations he received were "null and void," that he should be given another psychological examination, and that the Board should be prohibited from requiring him to take a polygraph examination.

The circuit court granted the Board's motion to dismiss the plaintiff's first amended complaint, ruling that he failed to state a cause of action for either declaratory judgment or *mandamus* based on a deprivation of any cognizable liberty interest. The court, in response to the plaintiff's request, also specifically found that it had

subject matter jurisdiction over the plaintiff's suit because the plaintiff was not required to proceed under the Administrative Review Law (735 ILCS 5/1—301 *et seq.* (West 1992)).

OPINION

We address at the outset the question of whether the circuit court in fact had subject matter jurisdiction over the plaintiff's suit. The Board argues here, as it did before the circuit court, that the statutory scheme under which it is constituted and authorized to carry out its duties, the Board of Fire and Police Commissioners Division of article 10 of the Illinois Municipal Code (65 ILCS 5/10—2.1—1 *et seq.* (West 1992) (hereinafter referred to as the Act)), requires that any actions challenging its hiring decisions must be brought pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)). The Board maintains that since the plaintiff sought a declaratory judgment and relief by *mandamus*, rather than proceeding under the Administrative Review Law, the circuit court lacked subject matter jurisdiction over the plaintiff's action.

■ The Administrative Review Law provides that it "shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts [its] provisions." (735 ILCS 5/3—102 (West 1992).) Section 10—2.1—17 of the Act, entitled "Removal or discharge—Investigation of charges—Retirement—Review under Administrative Review Law," primarily regulates the rights and procedures to be followed for the removal, discharge, and disciplining of firemen and policemen. One small paragraph pertains to the retirement age of firemen and policemen. The third paragraph of section 10—2.1—17 purports to invoke the Administrative Review Law for appeals from final decisions of boards of fire and police commissioners. That paragraph provides as follows:

> "The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. The term 'administrative decision' is defined as in Section 3—101 of the Code of Civil Procedure." 65 ILCS 5/10—2.1—17 (West 1992).

Prior to 1994 there was a lack of unanimity among the districts concerning the scope of the applicability of the Administrative Review Law to final decisions of boards of fire and police commissioners constituted under the Act. In *Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960, 336 N.E.2d 596, the Second District Appellate Court held that the only final decisions of boards of fire and police commissioners constituted under the Act to which the provisions

of the Administrative Review Law would apply are those covered in section 10—2.1—17 of the Act, namely, only decisions relating to removal or discharge. (32 Ill. App. 3d at 962, 336 N.E.2d at 597.) Subsequent second district decisions adhered to the holding set forth in *Barrows.* See *Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 400 N.E.2d 1089; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 430 N.E.2d 636.

However, the First District Appellate Court in *People ex rel. Smith v. Board of Fire & Police Commissioners* (1977), 51 Ill. App. 3d 221, 366 N.E.2d 554, reached a different conclusion than did the court in *Barrows.* In *Smith,* the court interpreted "hereunder" as used in the administrative review paragraph of section 10—2.1—17 of the Act to "refer[ ] to the entire [Board of] Fire and Police [Commissioners] Division of the Municipal Code of 1961 [citation] thereby applying administrative review to all final decisions of [boards of fire and police commissioners]" rather than only those final decisions relating to removal and discharge. (51 Ill. App. 3d at 223, 366 N.E.2d at 556.) In support of its conclusion, the court cited *Zieler v. Village of Oak Lawn* (1974), 23 Ill. App. 3d 752, 320 N.E.2d 86, and *People ex rel. Fike v. Slaughter* (1961), 31 Ill. App. 2d 175, 175 N.E.2d 585, both of which held that the Administrative Review Act, the predecessor of the Administrative Review Law, was the exclusive means of challenging decisions of boards of fire and police commissioners constituted under the Act.

The court in *Smith* also cited *People ex rel. Goldfarb v. White* (1964), 54 Ill. App. 2d 483, 203 N.E.2d 599, in support of its interpretation of the term "hereunder." In *Goldfarb,* the court construed the meaning of the word "hereunder" within section 16b—2 of the Medical Practice Act (Ill. Rev. Stat. 1961, ch. 91, par. 16b—2). The Medical Practice Act, which, in section 16b, generally relates to license suspensions and revocations, further provides in section 16b—2 that the Administrative Review Act would apply to all final agency decisions "hereunder." The court in *Goldfarb* held that the term "hereunder" within section 16b—2 referred to all sections of the Medical Practice Act, thereby subjecting all final agency decisions pursuant to that statute to review under the Administrative Review Act:

> "[I]t would be entirely inconsistent to hold that administrative review under section 16b—2 was intended only where revocation and suspension of licenses are involved, and that all other departmental decisions based upon committee decisions be excluded from administrative review. For purposes of uniform and consistent administrative review under the said section, 'hereunder' when applied conformably with the other provisions of the

statute, must be read as meaning under the 'Act.' " 54 Ill. App. 2d at 490-91, 203 N.E.2d at 603.

We note here that the Third District Appellate Court in *Beard v. Board of Fire & Police Commissioners* (1985), 130 Ill. App. 3d 692, 474 N.E.2d 918, and the Fifth District Appellate Court in *Schickedanz v. City of O'Fallon* (1993), 248 Ill. App. 3d 746, 618 N.E.2d 1289, have held, like the first district in *Smith*, that the Administrative Review Law applies to all final decisions of boards of fire and police commissioners constituted under the Act rather than only to final decisions relating to removal or discharge.

The facts of *Schickedanz v. City of O'Fallon* are nearly identical to those of this case. There, as here, the applicability of the Administrative Review Law was in question with respect to a decision not to hire. In *Schickedanz*, the plaintiff applied for the position of patrolman on the City of O'Fallon police department. After completing the requisite tests, the plaintiff was placed on an eligibility list but was not appointed when a vacancy occurred and was subsequently told that he would not be offered employment as a City of O'Fallon police officer. The plaintiff filed a complaint for *mandamus*, seeking an order requiring the defendants to appoint him to the position of City of O'Fallon police officer. The circuit court dismissed the plaintiff's *mandamus* action with prejudice, stating that it lacked subject matter jurisdiction because the Administrative Review Law was the exclusive means of review.

The appellate court in *Schickedanz* affirmed the dismissal of the plaintiff's *mandamus* action, holding that the board decision not to hire him was reviewable only under the Administrative Review Law:

> "It is undisputed that the Board notified plaintiff that he would not be hired. We find that this constituted a final administrative decision as it affected the legal rights, duties, and privileges of plaintiff, and there is no indication of any future proceedings before the Board on the issue of plaintiff's hiring. Therefore, the Board's decision not to hire plaintiff was reviewable only by the Administrative Review Law, and the trial court was correct in dismissing plaintiff's complaint for *mandamus*." 248 Ill. App. 3d at 748, 618 N.E.2d at 1290.

In 1994, the second district in the case of *Mueller v. Board of Fire & Police Commissioners* (1994), 267 Ill. App. 3d 726, 643 N.E.2d 255, realigned its position to concur with the first district in *Smith* and the fifth district in *Schickedanz*. In that case, which, like *Schickedanz*, involved an action by a disappointed municipal civil service applicant, the second district held that the Administrative Review Law applies generally to final decisions made pursuant to all sections of

the Act rather than only those final decisions made pursuant to section 10—2.1—17. The court in *Mueller* embraced the holdings in *Smith* and *Schickedanz* and expressly reconsidered and overruled the earlier second district decisions in *Barrows, Foster,* and *Sullivan,* stating:

> "In view of the important statutory objectives of hiring, promoting, and retaining applicants on the basis of ability and merit, we do not believe that the legislature, through mere inadvertence or happenstance, intended to shield from review all other personnel decisions of these boards except for those involving discharge or removal solely because reference to the [Administrative] Review Law occurs in section 10—2.1—17 of the [Act]. The legislature is free to clarify or amend this provision, but has not done so, and the weight of authority in this State now favors a broader interpretation. To adhere to our prior narrow reading of the provision would promote inequitable results and inconsistencies as to the (common-law) remedies available to an aggrieved applicant for employment or promotion and [would] make unavailable the salutary benefits of the [Administrative] Review Law. We prefer a construction which does not promote incongruous results regarding the type of personnel decisions subject to administrative review and one which promotes a readily available, uniform remedy for the citizens of this district." 267 Ill. App. 3d at 732-33, 643 N.E.2d at 261.

We agree with the foregoing analysis. Pursuant to that analysis, and contrary to the circuit court's conclusion, *all* final decisions rendered by boards of fire and police commissioners constituted under the Act, including those regarding hiring, are reviewable exclusively under the Administrative Review Law. Given the decision in *Mueller,* this conclusion now appears to be unanimous among all the appellate districts reporting cases involving this question. Accordingly, since the Board's decision not to hire the plaintiff was reviewable only under the Administrative Review Law, the circuit court lacked subject matter jurisdiction over his action for declaratory judgment and *mandamus.*

The plaintiff maintains that the application of the Administrative Review Law as the exclusive means of reviewing final decisions rendered by boards of fire and police commissioners is justifiable only where such final decisions relate to those who have already been hired as full-time firemen and full-time policemen rather than to prospective applicants for such full-time positions. In support he points to section 10—2.1—26 of the Act, which provides:

> "The provisions of this Division shall apply only to full-time firemen and full-time policemen of a regularly constituted fire or

police department and not to any other personnel of any kind or description." 65 ILCS 5/10—2.1—26 (West 1992).

The primary rule of statutory construction is to ascertain and give effect to legislative intent. (*People v. Zaremba* (1994), 158 Ill. 2d 36, 40, 630 N.E.2d 797, 799; *Granite City Division of National Steel Co. v. Illinois Pollution Control Board* (1993), 155 Ill. 2d 149, 181, 613 N.E.2d 719, 733.) Moreover, the language of a statute must be considered as a whole such that each section is examined in relation to every other section. (*Scadron v. City of Des Plaines* (1992), 153 Ill. 2d 164, 185, 606 N.E.2d 1154, 1163; *Abrahamson v. Illinois Department of Professional Regulation* (1992), 153 Ill. 2d 76, 91, 606 N.E.2d 1111, 1118.) Where a statute is capable of more than one interpretation, it should be given that interpretation which is reasonable and which will not produce absurd, unjust, unreasonable or inconvenient results, which the legislature could not have intended. *Collins v. Board of Trustees of the Fireman's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253; *People v. Stanciel* (1992), 153 Ill. 2d 218, 233-34, 606 N.E.2d 1201, 1210.

We do not find plaintiff's restrictive interpretation of section 10—2.1—26 to be tenable given that other sections of the Act, on their face, apply to applicants and the application process. For example, section 10—2.1—6 sets forth both age requirements for fire and police applicants and general substantive requirements for fire and police examinations; section 10—2.1—8 provides that fire and police applicants who have served in the military shall receive preference in appointment; and section 10—2.1—14 provides for the maintenance of a register of eligible candidates for the position of full-time fireman or full-time policeman. Given the fact that these and other sections of the Act expressly relate to applicants and the application process, plaintiff's restrictive reading of section 10—2.1—26 to exclude applicants for the positions of full-time firemen and full-time policemen from the coverage of the Act would render that provision paradoxical and manifestly incorrect. Thus, we would construe section 10—2.1—26 of the Act to denote not merely those who have already been hired as full-time firemen and full-time policemen but also applicants for those full-time positions as well.

The plaintiff further maintains that our supreme court's decision in *Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397, compels the conclusion that police applicants are not entitled, let alone required, to invoke the Administrative Review Law when challenging a hiring decision of a board of fire and police commissioners. In *Romanik* the court construed section 10—2.1—17 of the Act, which provides for notice and hearing before dis-

charge, as not being applicable to probationary firemen and policemen. Thus, under *Romanik*, a probationary fireman or policeman may be fired by the appropriate board of fire or police commissioners without notice of the charges or a hearing. 61 Ill. 2d at 425, 338 N.E.2d at 399.

*Romanik*, however, does not negate the fact that the discharge of probationary firemen and policemen requires a final board decision sufficient to invoke the review provisions of the Administrative Review Law pursuant to section 10—2.1—17 of the Act. In point of fact, *Romanik* does not purport to even consider issues of reviewability. Thus, the holding in *Romanik* is extraneous to the jurisdictional question at issue in this appeal. See *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726, 643 N.E.2d 255; *Schickedanz v. City of O'Fallon*, 248 Ill. App. 3d 746, 618 N.E.2d 1289.

For the reasons set forth above, we affirm the circuit court's ultimate action in dismissing the plaintiff's first amended complaint but, contrary to the position of the circuit court, our affirmance is predicated upon the jurisdictional grounds hereinabove discussed. Because of our finding that the circuit court lacked jurisdiction over the subject matter of this action, we need not consider this appeal on its merits.

Affirmed.

COUSINS, P.J., and T. O'BRIEN, J., concur.